OPINION OF THE COURT
John G. Connor, J.
Petitioner seeks an order pursuant to RPTL 724 directing the County Treasurer of the County of Greene to pay the refunds directed in the order of the court dated August 4, 2000, as entered September 11, 2000, together with interest thereon from the date of the payment of said taxes. The County of Greene argues that it does not owe a refund because the reduction in the assessment is less than $10,000. Respondent Town of Greenville argues that the reduction in petitioner’s assess *635 ment exceeds $10,000 and is, therefore, owed by the County, or in the alternative, the Town’s liability is limited to $3,000 per stipulation between the parties and the same has already been paid by the Town to the petitioner.
The issue before the court is whether the $10,000 threshold amount set forth in RPTL 726 (1) (a), which authorizes the County to charge back refunds to the Town, is calculated before application of the equalization rate or after application of the same. RPTL 726 (1) (a) provides in pertinent part:
“If in a final order in any proceeding under this article it is determined that the assessment reviewed was excessive, unequal or unlawful, or that real property was misclassified, and ordered or directed that the same be corrected or stricken from the roll, and such order is not made in time to enable the assessors or other appropriate officer, board or body to make a new or corrected assessment or to strike such assessment from the roll prior to the imposing of any tax or special ad valorem levy upon the real property the assessment of which has been determined to be excessive, unequal or unlawful, or which has been determined to be misclassified, then any amount at any time collected upon such excessive, unequal or unlawful assessment, or as a result of such misclassification shall be refunded as follows:
“(a) When such tax or levy shall have been imposed by the board of supervisors, there shall be audited and paid to the petitioner or other person paying such tax or other levy in the same manner as county charges, the amount paid by him in excess of the amount which would have been paid had such assessment been made as determined by such order, together with interest thereon as provided in subdivision two of this section. So much of any tax or other levy, including interest thereon, as shall be refunded which was imposed for city, town, village or special district purposes, shall be charged to such city, town, village or special district. So much of the amount of any tax or other levy, including interest thereon, as shall be refunded which was imposed for other than city, town, village or special district purposes, shall be a general county charge; provided, however, that if the assessment is reduced by such order by an amount not in excess of *636 ten thousand dollars, such portion of the amount refunded shall he charged to the city or town in which the real property is situated * * * (Emphasis added.)
An excessive assessment is defined as “an entry on an assessment roll of the assessed valuation of real property which exceeds the full value of real property.” (Real Property Tax Law § 701 [4] [a].) An unequal assessment is defined as “an entry on the assessment roll of an assessing unit other than a special assessing unit of the assessed valuation of real property which is made at a higher proportionate valuation than the assessed valuation of other real property on the same roll by the same officers.” (Real Property Tax Law § 701 [8] [a].) Thus, when determining whether an assessment is excessive or unequal, the court must examine the assessment as applied to the equalization rate to determine if the property exceeds full value or if the value of the property is disproportionately higher than other properties on the roll. The court, therefore, finds that the term “assessment” in Real Property Tax Law § 726 (1) (a) means full value assessment, which entails applying the equalization rate to the assessment assigned by the assessing unit.
In the present case, the stipulation entered into between the Town and the petitioner reduced the assessed value of the subject parcels by more than $10,000, to wit: tax map number 24.02-2-1 had an assessed value of $12,500, which when divided by the equalization rate of 7.19% establishes a full value assessment of $174,548; the parties agreed to reduce the full value assessment to $162,000. Tax map number 12.15-1-1 had an assessed value of $13,200, which when divided by the equalization rate of 7.19% establishes a full value assessment of $183,588; the parties agreed to a reduction in the full value assessment to $150,000. Tax map number 12.15-1-2 had an assessed value of $9,550, which when divided by the equalization rate of 7.19% establishes a full value assessment of $132,823; the parties agreed to a reduction in the full value assessment to $90,000.
Accordingly, since the reduction in the. full value assessment in each case exceeded $10,000, the County is responsible to pay the refunds together with interest thereon from the date of the payment of the taxes. Petitioner’s motion is granted in its entirety without costs.